UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOSE GUADALUPE MEZA-HERNANDEZ    ]
    Petitioner,    ]
                     ]
v.    ]    No. 3:11-0552
                     ]    Judge Sharp
UNITED STATES OF AMERICA    ]
    Respondent.    ]


# M E M O R A N D U M


    The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

## I. BACKGROUND

    The petitioner is a Mexican citizen. In December, 1991, he pled guilty in California to the sale of a controlled substance. For this crime, he received a suspended three year sentence. Prior to the end of the three year suspended sentence, the petitioner was arrested for possession of cocaine. His probation was revoked and the petitioner was sent to prison to serve out the remainder of his sentence.

    Upon service of the sentence, the petitioner was deported to Mexico on September 2, 1994. He reentered this country again illegally and was apprehended and deported on March 5, 1999.

1

The petitioner reentered the United States illegally for a third time and was detained on June 15,2001. He was charged and found guilty by a federal district court in Arizona of illegal reentry into the country by a previously deported aggravated felon.[1] For this crime, he received a sentence of thirty (30) months' incarceration to be followed by three years of supervised release. The petitioner was deported to Mexico on September 2,2003.

As early as August 17,2006, the petitioner had illegally reentered the United States for a fourth time. Little more than two years later, he was arrested in Nashville and charged with selling cocaine in a drug free school zone. The petitioner pled guilty in state court to a lesser offense and received a suspended eight year sentence.[2]

Shortly thereafter, he was taken into federal custody and charged with illegal reentry into the United States by a previously deported aggravated felon. United States v. Meza-Hernandez, Criminal Action No.3:08-00243 (M.D. Tenn.)(Echols, S.J. presiding), at Docket Entry No.1.

On May 1,2009, the petitioner pled guilty to the charge. Id. at Docket Entry No.15. He was given a sentence of seventy (70)

_____

[1] The aggravated felony was the California conviction in 1991 for the sale of a controlled substance.

[2] The above background information was taken from INS records and memorialized in the petitioner's Presentence Investigation Report. United States v. Meza-Hernandez, supra at Docket Entry No.25.

2

months in prison, to be followed by three years of supervised release. *Id.* at Docket Entry No.22. On appeal, the Sixth Circuit affirmed the petitioner's conviction and sentence. *Id.* at Docket Entry No.30.

## II. PROCEDURAL HISTORY

On June 9,2011, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking his conviction. In the motion, he raises seven claims for relief. These claims include:

    1)    counsel was ineffective for allowing an out-dated conviction to be included in his criminal history;

    2)    counsel was ineffective for failing to object to the guidelines range;

    3)    counsel was ineffective for advising the petitioner to plead guilty "without an agreement with the government, to reduce his sentence if he agreed to the fast-track program";[3]

    4)    the prosecution "misapplied the criminal history of petitioner and in so doing violated the requirements of 4A.1.2(e).";

    5)    the court neglected to address the petitioner's fast-track argument;

    6)    the court failed "to provide a statement of reasons for such chosen sentence, which was procedurally required"; and

    7)    the failure to place the petitioner in a fast-track program violated his right to the equal protection of the law.

---

[3] The petitioner was represented by Hugh Mundy, an assistant federal Public Defender for this judicial district.

Case 3:11-cv-00552   Document 12   Filed 09/19/11   Page 3 of 8 PageID #: 77

Upon preliminary review of petitioner's motion, the Court determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered July 1, 2011, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the government's Response (Docket Entry No.10) to the petitioner's § 2255 motion and the petitioner's Reply (Docket Entry No.11) to the government's Response.

Having carefully considered these pleadings and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. ANALYSIS OF THE CLAIMS

The petitioner claims that the government "misapplied" his criminal history in violation of § 4A1.2(e) of the 2008 Sentencing Guidelines (Claim No.4). More specifically, the petitioner believes that the 1991 California conviction for the sale of a controlled substance was too stale and should not have been considered in the computation of his criminal history.

4

In computing the petitioner's criminal history, the Court was allowed to count "any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense." § 4A1.2(e)(1), 2008 Sentencing Guidelines. The commencement of the instant offense occurred when, according to the Presentence Investigation Report, the petitioner reentered this country illegally "as early as August 17, 2006, as evidenced by his criminal history." United States v. Meza-Hernandez, Criminal Action No. 3:08-00243, Docket Entry No.25 at pg.10. The petitioner did not object to this part of the Presentence Investigation Report. Id. at Docket Entry No.26-1. Since the petitioner was convicted in California in December of 1991, this conviction was not too stale to be considered as part of the petitioner's criminal history.

In any event, the petitioner had an opportunity to raise this claim on direct appeal but chose not to do so. He has shown no reason why this claim could not have been raised on direct appeal. As a result, this claim has been waived. Bousley v. United States, 523 U.S. 614,621 (1998).

The petitioner also alleges that the Court erred when it neglected to take his fast-track/equal protection claim into account (Claim Nos.5 and 7) and failed to provide a statement of reasons for the chosen sentence (Claim No.6). These claims were specifically considered and rejected on direct appeal of the

5

petitioner's sentence. *Id.* at Docket Entry No.30. A § 2255 motion may not be employed to relitigate an issue that was considered and rejected on direct appeal, absent highly exceptional circumstances. Wright v. United States, 182 F.3d 458,467 (6th Cir.1999). No such circumstances exist here. Therefore, these claims have no merit and are denied.

The petitioner's remaining claims (Claim Nos.1-3) assert that counsel was ineffective. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner first alleges that counsel was ineffective for allowing a stale conviction to be computed as part of his criminal history (Claim No.1). As noted above, the 1991 California conviction for the sale of a controlled substance was not a stale conviction. As a consequence, counsel was not deficient in this regard.

6

The petitioner also claims that counsel was ineffective for not objecting to the computation of the sentencing range (Claim No.2). The sentencing range relied upon by the Court was affirmed by the Sixth Circuit on direct appeal. Docket Entry No.10-2. Thus, counsel was not deficient for failing to challenge a sentencing range that the appellate court determined was correct.

Finally, the petitioner contends that counsel was ineffective for advising him to plead guilty "without an agreement with the government, to reduce his sentence if he agreed to the fast-track program." (Claim No.3).

During his plea hearing, the petitioner professed that he was satisfied with the advice given to him by his attorney. Docket Entry No.10-1 at pg.7. He further testified that no one promised or guaranteed him anything in order to induce his guilty plea. *Id.* at pgs.21-22. A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63,71 (1977). Because courts must be able to rely on a defendant's sworn statements during a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. McMaster, 403 F.3d 216,221 (4th Cir.2005). The petitioner has failed to demonstrate that his attorney was deficient for advising him to plead guilty,

particularly in light of the overwhelming evidence pointing to his guilt. Therefore, the petitioner was not denied the effective assistance of counsel.

## IV. CONCLUSION

Having carefully considered the § 2255 motion, the government's Response, petitioner's Reply to the government's Response and the expanded record, the Court finds that the petitioner's motion lacks merit. Petitioner's motion, therefore, shall be denied and this action will be dismissed.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge

Case 3:11-cv-00552   Document 12   Filed 09/19/11   Page 8 of 8 PageID #: 82